UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PAMELA M. HARRIS-ORR,**

      **Plaintiff,**

                                    Case No. 04-72914

v.

                                    HONORABLE DENISE PAGE HOOD

**DAVID WM. RUSKIN and**
**JULIE LESSER,**

      **Defendants.**

      _____/

**ORDER GRANTING DEFENDANT RUSKIN'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION, IN THE ALTERNATIVE, TO STRIKE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OF CLAIMS**

**I.  BACKGROUND**

This matter is before the court on the Defendant Ruskin's Motion to Dismiss; or, In the Alternative, To Strike Complaint; or, In the Alternative, For a More Definite Statement of Claims, If Any, Against David WM. Ruskin. On August 9, 2004 Plaintiff filed a Complaint and an Application for Appointment of Counsel.  Defendant Ruskin filed the instant motion on December 29, 2004.  The Plaintiff has not responded to the Defendant Ruskin's motion.[1]

**II.  APPLICABLE LAW & ANALYSIS**

Defendant Ruskin states five reasons the Court should either grant Defendant Ruskin's

---

[1] Notice of Motion Hearing mailed on August 10, 2005, was returned "Moved Left No Address" on September 6, 2005.  Ms. Harris-Orr contacted the Court by telephone and was advised by the case manager of the time of the hearing on September 20, 2005.

motion to dismiss, strike the complaint, or provide a more definite statement of claims. The reasons are: (1) the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, (2) the Complaint should dismissed for failure to state a claim upon which relief can be granted under Federal Rules of Procedure Rule 12(b)(6), (3) the Complaint should be dismissed as barred by the statute of limitations, (4) the Complaint should be stricken as redundant, immaterial, and impertinent under Rule 12(f) of the Federal Rules of Civil Procedure, and (5) the Plaintiff should be ordered to provide a more definite statement of her claim(s) if any, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

      A.      **Motion to Dismiss**

Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *See* Fed. R. Civ. P. 12(b)(1); *see also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack challenges the pleading itself. In considering this type of attack, the court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *Id.* Where subject matter jurisdiction is factually attacked, as is the case in this instance, Plaintiff bears the burden of proving jurisdiction to survive the motion, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Pro se complaints are held to a less stringent standard than the formal pleadings of lawyers. *Wells v. Brown*, 891 F.2d 591, 593-594 (6th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action over which

it lacks jurisdiction. Defendant states that this Court does not have jurisdiction because the Plaintiff failed to obtain leave from the Bankruptcy Court before filing her Complaint, based on the *Barton* Doctrine. The U.S. Supreme Court held in *Barton v. Barbour*, 104 U.S. 126, 128; 26 L.Ed. 672; 14 Otto 126 (1881), "[i]t is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." The *Barton* Doctrine has been extended to apply to bankruptcy trustees. The Sixth Circuit Court of Appeals held, "[i]t is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

Plaintiff alleges that the Defendant committed fraud in the performance of his duties as trustee in her bankruptcy proceeding. (Compl. at 2). Based on the Bankruptcy docket, there is also no indication that the court granted the Plaintiff leave to institute this action. (Def.'s Mot. To Dismiss Ex. D). Pursuant to the *Barton* Doctrine, this Court does not have jurisdiction to decide the Plaintiff's case.

**B.     Strike Complaint Pursuant to Fed.R.Civ.P. 12(f) and Provide Defendant With More Definite Statement of Claim(s) Under Fed.R.Civ.P. 12(e)**

As the Court has dismissed Plaintiff's Complaint, Defendant Ruskin's Motion to Strike Complaint, or, In The Alternative, For A More Definite Statement of Claims, If Any, Against David WM. Ruskin is moot.

**III.     CONCLUSION**

For the reasons stated above, the Court grants Defendant Ruskin's Motion to Dismiss and

denies Defendant Ruskin's Motion In the Alternative, to Strike Complaint, or, In The Alternative, For a More Definite Statement of Claims, If Any, Against David WM. Ruskin.[2]

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) **[Docket No. 6, filed December 29, 2004]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion In The Alternative, To Strike Complaint, or, In The Alternative, For a More Definite Statement of Claims, If Any, Against David WM. Ruskin **[Docket No. 6, filed December 29, 2004]** is DENIED.

IT IS FURTHER ORDERED that Defendant Julie Lesser is DISMISSED from the claim.

IT IS FURTHER ORDERED this matter is DISMISSED without prejudice.

 s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: September 27, 2005

---

[2] Defendant Julie Lesser was never served the Complaint, and as the time to serve her has passed, she is dismissed from the claim.